IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JON R. DEUTSCH, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:15-CV-901-RP |
| LA TIERRA DE SIMMONS FAMILIA LTD., | § § § | |
| Defendant. | § § | |

# **ORDER**

Before the Court in the above-entitled action is Plaintiff Jon R. Deutsch's Opposed Motion to Recuse Magistrate, (Dkt. 78), which requests that United States Magistrate Judge Mark Lane be disqualified from any further proceedings in this action due to his impartiality. *See* 28 U.S.C. § 455(a). In the motion, Plaintiff asserts that Judge Lane has a personal bias and prejudice against Plaintiff, Plaintiff's counsel, and the subject matter of this suit. Judge Lane has ordered Plaintiff and Plaintiff's counsel to appear for an evidentiary hearing to show cause as to why the Court should not impose sanctions. (Dkt. 68). That hearing is set for Tuesday, September 13, 2016, at 9:00 a.m. (*Id.*).

In the United States District Court for the Western District of Texas, Austin Division, Plaintiff has commenced approximately 385 separate lawsuits against individuals and business entities alleging violations of the Americans with Disabilities Act. *See* 42 U.S.C. §§ 12181–12189. In several of these actions, the Court has referred pretrial matters to Judge Lane for disposition. *See* 28 U.S.C. § 636(b)(1)(A). In this case and others, Plaintiff has filed a Notice of Non-Consent to Magistrate Hearing complaining of Judge Lane's judicial conduct, asserting that Judge Lane lacks proper judicial authority, and suggesting that Judge Lane recuse himself. (*See, e.g.*, Dkt. 50).

To obtain recusal pursuant to 28 U.S.C. § 455, a movant must show that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1165 (5th Cir. 1982). A judge should not recuse himself based on unsupported or irrational speculation. *McClelland v. Gronwaldt*, 942 F. Supp. 297, 302 (E.D. Tex. 1996).

To warrant recusal, the alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (citations omitted). Recusal may be warranted where "pervasive bias or prejudice manifests itself only through judicial conduct," but only when the movant shows that comments by the judge in question "reflect gratuitous opposition." *Id.* Therefore, for Plaintiff to prevail on his motion to recuse, he must do more than identify apparently prejudicial or impartial judicial conduct—he must identify prejudicial or impartial conduct that is extrajudicial in nature, that is, conduct not within the judicial context. *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 965 (5th Cir. 1980); *see also Litkey v. United States*, 510 U.S. 540, 554 (1994) ("Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").

Adverse rulings in a case are not an adequate basis for recusal. *United States v. MMR Corp.*, 954 F.2d at 1045; *see also Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("adverse rulings cannot in themselves form the appropriate grounds for disqualification"). Moreover, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see also Berger v. United States*, 255 U.S. 22, 31 (1921) ("[T]he bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case."); *Trust Co. of Louisiana v.*

*N.N.P., Inc.*, 104 F.3d 1478, 1491 (5th Cir. 1997) (holding that adverse rulings, even those involving admonishments by the trial judge, do not demonstrate the trial judge's impartiality and therefore do not warrant recusal).

Plaintiff's allegations of bias and prejudice are speculative and fail to show that a reasonable person would harbor doubts about Judge Lane's impartiality in this case. Moreover, Plaintiff has not shown that the alleged bias is personal rather than judicial in nature. In addition, nothing before the Court reflects that Judge Lane has had any extrajudicial interactions with Plaintiff or any extrajudicial interactions otherwise related to Plaintiff's actions.

As such, **IT IS HEREBY ORDERED** that Plaintiff Jon R. Deutsch's Opposed Motion to Recuse Magistrate (Dkt. 78) is **DENIED**.

The hearing set before Judge Lane on Tuesday, September 13, 2016, at 9:00 a.m. may proceed.

**SIGNED** on September 12, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE